# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:19-CR-15- |
| § | SDJ-KPJ |
| MICHAEL ALLEN WATSON (1) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Michael Allen Watson's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on August 18, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Maureen Smith.

Defendant was sentenced on October 3, 2019, before The Honorable Sean D. Jordan of the Eastern District of Texas after pleading guilty to the offense of Counterfeiting Obligations of The United States, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of VI, was 33 to 41 months. Defendant was subsequently sentenced to 41 months imprisonment to be followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On October 13, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

On June 16, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 39, Sealed]. The Petition asserts that Defendant

REPORT AND RECOMMENDATION – Page 1

violated four (4) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must refrain from any unlawful use of a controlled substance; (3) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (4) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing [Dkt. 39 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On May 31, 2022, Defendant was arrested by members of the Milton, West Virginia, Police Department after being observed on the shoulder of Interstate 64 with two flat tires. The officers had previously received a "be on the lookout" alert for a possible intoxicated driver matching Defendant's vehicle. When the officers approached Defendant, he appeared under the influence and then registered .198 on a breathalyzer. On June 1, 2022, Defendant was charged in the Magistrate Court of Cabell County, West Virginia, with aggravated Driving Under Influence of Alcohol. He was later released on a $5,000 personal recognizance bond and the charge remains pending. On June 3, 2022, members of the Huntington, West Virginia, Police Department contacted Defendant's U.S. Probation Officer in the Southern District of West Virginia. They advised that Defendant was extremely intoxicated and harassing his father and stepmother at their residence. Defendant was made to leave the residence, however, he later returned. Defendant was subsequently arrested and charged

with Intoxication Or Drinking In Public Places, and Obstructing Officer. These charges remain pending in the Municipal Court of Huntington, West Virginia; (2) On October 18, 2021, Defendant provided a urine specimen that tested positive for methamphetamine. He signed a voluntary admission form confirming his use of the illegal drug. On October 26, 2021, Defendant provided a urine specimen at the Anchor Project inpatient substance abuse treatment facility that tested positive for methadone and amphetamine. On November 3, 2021, Defendant verbally admitted to his probation officer that he did not recall using either of those substances, but they could have been mixed into the methamphetamine he was using from October 18 through October 22, 2021. On March 28, 2022, Defendant provided a urine specimen that tested positive for methamphetamine. He signed a voluntary admission form confirming his use of the illegal drug. On April 6, 2022, Defendant provided a urine specimen that tested positive for methamphetamine. He verbally admitted to using the illegal drug within the past week but could not recall a specific date; (3) On May 31, 2022, Defendant was discharged from the Lodestar sober living house. He has not contacted his probation officer since being discharged of his new residence and his current whereabouts are unknown; and (4) On October 29, 2021, Defendant entered the Ten Up Ministries Anchor Project inpatient substance abuse treatment program. On November 3, 2021, the probation officer directed Defendant to participate and complete the substance abuse treatment program. On February 1, 2022, Defendant was removed from the program prior to completion for making inappropriate comments to a female substance abuse treatment counselor. On May 13, 2022, Defendant transitioned from Prestera Center's 28-day inpatient substance abuse treatment program to Lodestar's sober living program. On May 17, 2022, the probation officer met with him and staff members of the sober living program. Defendant was instructed to abide by the rules and to complete the Lodestar sober living program. On May 31, 2022, Defendant was observed by his

U.S. Probation Officer leaving a local hotel with an unidentified female. Defendant did not have permission from the Lodestar house to spend the night outside of the sober living house. Defendant was subsequently unsuccessfully discharged from the treatment program for breaking curfew, missing a scheduled counseling appointment, and obtaining a new criminal charge for driving under the influence [Dkt. 39 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2 through 4 of the Petition. The Government dismissed allegation 1 of the Petition. Having considered the Petition and the plea of true to allegations 2, 3, and 4 of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 54; 55].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of fourteen (14) months, with no term of supervised release to follow.

**SIGNED this 15th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE